PUERTO RICO GASES CORPORATION, INC., d/b/a HORMIGONERA MAYAGÜEZANA, demandante y recurrente, *v.* PAGÁN CONSTRUCTION, INC. y COMPAÑÍA DE FIANZAS DE PUERTO RICO, demandadas y recurridas. ASFALTO MAYAGÜEZANO, INC., demandante y recurrente, *v.* PAGÁN CONSTRUCTION CO., INC. y COMPAÑÍA DE FIANZAS DE PUERTO RICO, demandadas y recurridas.

*Números:* R-70-92, R-70-93     *Resueltos:* 27 de octubre de 1970

*E. Alcaraz Casablanca,* abogado de las recurrentes; *E. Martínez Rivera,* abogado de la Compañía de Fianzas de Puerto Rico.

*E. Alcaraz Casablanca,* abogado de las recurrentes; *E. Martínez Rivera,* abogado de la Compañía de Fianzas de Puerto Rico.

PER CURIAM: La demandante reclamó de la Pagán Construction Company, Inc., y de su fiadora, la Compañía de Fianzas de Puerto Rico, $9,461.07 más costas e intereses por concepto de hormigón suplido y no pagado que la demandante entregó a Pagán Construction Company, Inc., para ser utilizado en los proyectos de obras públicas, APW-PR-G470-Aguada y un proyecto de carretera en Mayagüez. La antes mencionada fiadora por su fianza G-1642 garantizó solidariamente hasta el límite de $111,751.13 el pago de salarios y el pago a los suplidores que supliesen materiales para el proyecto de Aguada. Mediante otra fianza de su compañía garantizó similares acreencias hasta el límite de $58,531.50 en relación con el proyecto de carretera de Mayagüez.

El Art. 9 de la Ley Para Garantizar el Pago de Salarios y Materiales Suplidos Para Obras Públicas, Ley Núm. 388 de 9 de mayo de 1951, 22 L.P.R.A. sec. 55, dispone:

"La causa de acción autorizada bajo las secs. 47 a 58 de este título contra la fianza y los fiadores del contratista se entenderá prescrita a los seis meses de *aceptada finalmente* la obra por el Estado Libre Asociado de Puerto Rico. Transcurrido dicho término podrá cancelarse la fianza, a menos que se encuentre pendiente alguna reclamación judicial bajo las secs. 47 a 58 de este título. En tal caso no se cancelará la fianza hasta tanto se haya dictado sentencia final y firme respecto a la reclamación o reclamaciones pendientes y se haya dado cumplimiento a ellas

hasta el límite de responsabilidad de la fianza y de los fiadores." (Énfasis nuestro.)

El Tribunal Superior entendió que a tenor con la ley antes citada las reclamaciones de la demandante habían caducado. En cuanto al proyecto APW-PR-G470-Aguada, que es el que nos ocupa, entendió que el mismo fue aceptado finalmente por la Corporación de Renovación Urbana y Vivienda el 14 de abril de 1965 y como la demanda fue presentada en 7 de diciembre de ese año concluyó que había expirado el término de seis meses que dispone la ley y que la acción había caducado. [1]

A la solicitud de revisión de la demandante expresamos no haber lugar mediante nuestra Resolución de 29 de abril de 1970 pero en 21 de mayo del mismo año, en vista de la moción de reconsideración de la demandante-recurrente, expedimos una Orden Para Mostrar Causas dirigida a la demandada-recurrida en los siguientes términos:

"Se concede a la parte demandada-recurrida un término de quince días a partir de la fecha de la notificación de esta orden, para que, en vista de la moción de reconsideración presentada por la parte demandante-recurrente en 11 de mayo de 1970 y del Exhibit 2 de la moción (Exhibit 19 del demandante) demostrativo de que el Proyecto de Aguada fue aceptado finalmente en 12 de julio de 1965, y en vista de la disposición legal contenida en 22 L.P.R.A. sec. 55, muestre causas por las cuales no debemos reconsiderar nuestra resolución de 29 de abril de 1970, expedir el auto y modificar la sentencia del Tribunal Superior en el sentido de confirmarla en cuanto al proyecto de 2.012 kms. de la Carretera Núm. 351, Mayagüez Arriba y revocarla en cuanto al Proyecto APW-G-470-Aguada."

La demandada-recurrida compareció en contestación de dicha orden y hemos examinado su escrito y documentos anejos. La demandada ha sometido copias de documentos oficiales en el sentido de que la obra en cuestión fue termi-

---

[1] Dicho término es de caducidad y no de prescripción. *Jiménez y Salellas, Inc.* v. *Maryland Cas. Co.,* 92 D.P.R. 207, 211 (1965).

nada en 9 de abril de 1965 y aceptada en 14 de abril del mismo año. No podemos darle la razón.

En primer lugar, la fecha determinante para que comience a correr el plazo de seis meses del artículo antes citado no es la fecha en que la obra fue *terminada* sino la fecha en que la obra fue *aceptada finalmente* por el Estado Libre Asociado. En segundo lugar, la carta de la Corporación de Renovación Urbana y Vivienda dirigida al Alcalde de Aguada en 17 de mayo de 1965, en la cual se dice que el proyecto fue aceptado en 14 de abril de ese año, refleja obviamente una aceptación interina y no final pues la carta del Jefe de la División de Construcción de Urbanizaciones del Programa de Proyectos Estatales de dicha corporación pública, expresa, al referirse al proyecto APW-PR-G470-Aguada, que "Aceptamos finalmente el mismo el 12 de julio de 1965 fecha en que quedaron corregidas varias irregularidades en la construcción del proyecto." (Exhibit 19 del demandante y Exhibit 2 de la moción de reconsideración). Siendo este el caso la reclamación en cuanto al proyecto de Aguada no había prescrito a la fecha en que se presentó la demanda, el 7 de diciembre de 1965.

Por las razones anteriores, *se modificará la sentencia dictada en este caso por el Tribunal Superior, Sala de Mayagüez, en 19 de febrero de 1970 en el sentido de confirmarla en cuanto declara la demanda sin lugar en relación con el proyecto de carretera de Mayagüez y de revocarla en cuanto al proyecto de Aguada. En este segundo aspecto se declarará con lugar la demanda y se devolverá el caso al tribunal de instancia para ulteriores procedimientos consistentes con lo aquí expresado.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Santana Becerra no intervinieron.

—O—

SENTENCIA

(En Reconsideración)

San Juan, Puerto Rico, a 26 de enero de 1971

Con fecha de 7 de diciembre de 1965, las demandantes-recurrentes Asfalto Mayagüezano, Inc., y Puerto Rico Gases Corporation, presentaron una demanda cada una contra Pagán Construction Co., Inc., y su fiadora la Compañía de Fianzas de Puerto Rico. Por Resolución de 22 de noviembre de 1968 el tribunal de instancia ordenó que ambos pleitos continuaran solo en cuanto a la co-demandada Compañía de Fianzas de Puerto Rico.

Mediante su opinión y sentencia de 19 de febrero de 1970, en el caso de Asfalto Mayagüezano, Inc., el Tribunal Superior, Sala de Mayagüez, concluyó como conclusión de hecho lo siguiente:

"6—Del proyecto 'Voladora-Moca' la cuenta de Pagán Hermanos arroja un balance pendiente de pago por asfalto tomado a la demandante de $11,594.30.

7—Del proyecto 'APW-PR-G470-Aguada', la cuenta de Pagán Hermanos arroja un balance pendiente de pago por asfalto tomado a la demandante de $11,306.50.

8—Del proyecto 'APW-PR-G516' en Parcelas Las Marías de Añasco, la cuenta de Pagán Hermanos arroja un balance pendiente de pago por asfalto tomado a la demandante de $790.29.

9—Del proyecto 'Carretera Estatal 351—Mayagüez Arriba', la cuenta de Pagán Hermanos arroja un balance pendiente de pago por asfalto tomado a la demandante de $1,394.83.

10—El balance que figura pendiente de pago en los libros de la demandante ascendente a la cantidad de $25,085.92 es la deuda que tiene contraída y que no ha pagado la demandada Pagán Construction Company, Inc., a favor de la demandante y de cuya deuda también responde mancomunada y solidariamente la co-demandada Compañía de Fianzas de Puerto Rico bajo los contratos de fianzas que se han mencionado anteriormente."

Mediante su opinión y sentencia, también de 19 de febrero de 1970, en el caso Puerto Rico Gases Corporation, el Tribunal Superior, Sala de Mayagüez, concluyó como conclusión de hecho lo siguiente:

"3—La demandante Puerto Rico Gases Corporation es una empresa establecida en Mayagüez, dedicada a la industria de hormigón y para las obras de los proyectos mencionados en las conclusiones 1 y 2 entregó hormigón a su contratista Pagán Construction Co., Inc., que no le ha pagado la suma de $1,353.57 del usado en el proyecto 'Mayagüez Arriba' y la suma de $8,107.50 del usado en el proyecto APW-PR-G470-Aguada. El total de la deuda por los conceptos indicados es de $9,461.07 que es lo que se reclama a la fiadora Compañía de Fianzas de Puerto Rico."

En ambos casos antes mencionados dicho Tribunal declaró sin lugar todas las reclamaciones de las demandantes-recurrentes contra la Compañía de Fianzas de Puerto Rico por entender que las mismas estaban prescritas conforme al Art. 9 de la Ley Núm. 388 de 9 de mayo de 1951, 22 L.P.R.A. sec. 55.

No conformes con las sentencias dictadas por el tribunal de instancia en sus respectivos casos, las demandantes-recurrentes, con fecha de 24 de marzo de 1970, presentaron ante este Tribunal dos solicitudes de revisión separadas para que revisáramos sus respectivos casos.

La solicitud de revisión presentada por la demandante-recurrente Asfalto Mayagüezano, Inc., comprendía las siguientes partidas:

1. Carretera Estatal Núm. 420, Municipio de
   Moca .............................. $11,594.30
2. Proyecto APW-PR-G516, Añasco ........     790.29
3. Carretera Estatal Núm. 351, Mayagüez ..   1,394.83
4. Proyecto APW-PR-G470, Aguada ......   11,306.50

La solicitud de la demandante-recurrente Puerto Rico

Gases Corporation, Inc., incluía las siguientes partidas:

1. Carretera Estatal Núm. 351, Mayagüez. $1,353.57 [1]
2. Proyecto APW-PR-G470, Aguada .... 8,107.50

En 29 de abril de 1970 dictamos una resolución declarando no haber lugar en cuanto a ambas solicitudes de revisión.

Con fecha de 11 de mayo de 1970, se presentó una moción de reconsideración en cuyo epígrafe aparecen los nombres de ambas demandantes-recurrentes, pero en cuya comparecencia se expresa "Comparece la parte demandante-recurrente, en los casos de epígrafe." Copia de dicha moción fue unida a los autos de cada una de las peticiones de revisión.

En dicha moción las demandantes-recurrentes conjuntamente discuten las partidas de Añasco, Mayagüez y Aguada. La reclamación de la partida de Moca, por consiguiente, quedó resuelta por nuestra resolución declarando no ha lugar a la petición de revisión. Con relación a la partida de Añasco, se indica en la moción de reconsideración lo siguiente:

"En cuanto al proyecto APW-PR-G516 de las Parcelas Las Marías de Añasco efectivamente está prescrita la acción y de esa conclusión no estamos pidiendo revisión."

Como consecuencia de lo que hemos expuesto, solo quedaron ante nuestra consideración las reclamaciones de ambas demandantes-recurrentes de los proyectos de Mayagüez y de Aguada.

En 21 de mayo de 1970, expedimos la siguiente Orden Para Mostrar Causas:

"Se concede a la parte demandada-recurrida un término de quince días a partir de la fecha de la notificación de esta orden, para que, en vista de la moción de reconsideración presentada por la parte demandante-recurrente en 11 de mayo de 1970 y del Exhibit 2 de la moción (Exhibit 19 del demandante) demostrativo

---

[1] Esta partida se denomina como la Núm. 3 arriba mencionada pero no es idéntica. Su importe es por concepto de otros materiales suplidos por Puerto Rico Gases Corp.

de que el Proyecto de Aguada fue aceptado finalmente en 12 de julio de 1965, y en vista de la disposición legal contenida en 22 L.P.R.A. sec. 55, muestre causas por las cuales no debemos reconsiderar nuestra resolución de 29 de abril de 1970, expedir el auto y modificar la sentencia del Tribunal Superior en el sentido de confirmarla en cuanto al proyecto de 2.012 kms. de la Carretera Núm. 351, Mayagüez Arriba y revocarla en cuanto al Proyecto APW-PR-G-470-Aguada."

Como se desprende de nuestra Orden la reconsideración de nuestra resolución declarando no haber lugar a la petición de revisión, quedó limitada exclusivamente a las reclamaciones de las demandantes-recurrentes de las dos partidas de Aguada.

Luego de oída por escrito la demandada-recurrida en su Mostración de Causas, fallamos el caso mediante Opinión *Per Curiam* en 27 de octubre de 1970.

En el primer párrafo de dicha Opinión *Per Curiam* expresamos lo siguiente:

"La demandante reclamó de la Pagán Construction Company, Inc., y de su fiadora, la Compañía de Fianzas de Puerto Rico, $9,461.07 más costas e intereses por concepto de hormigón suplido y no pagado que la demandante entregó a Pagán Construction Company, Inc., para ser utilizado en los proyectos de obras públicas, APW-PR-G-470-Aguada y un proyecto de carretera en Mayagüez."

Al referirnos a "la demandante" en el párrafo antes copiado nos referíamos a la Puerto Rico Gases Corp. En dicho párrafo, sin embargo, no hicimos referencia a la reclamación de la otra demandante-recurrente Asfalto Mayagüezano, Inc., por la partida de $11,306.50 adeudada a ésta del proyecto de Aguada. Tampoco hicimos referencia a dicha reclamación en el resto de nuestra opinión. Por los fundamentos expresados en aquella opinión resolvimos modificar la sentencia del tribunal de instancia en el sentido de revocarla en cuanto al proyecto de Aguada.

La demandante-recurrente, Asfalto Mayagüezano, Inc., con fecha de 10 de noviembre de 1970, presentó una "Moción de Reconsideración o Moción Solicitando se Aclaren los Términos de la Sentencia." (²) En 25 de noviembre de 1970, la demandada-recurrida también presentó una moción de reconsideración.

Vistas las mociones presentadas por las partes y los fundamentos en apoyo de las mismas, resolvemos (1) no haber lugar a la moción de reconsideración presentada en 25 de noviembre de 1970 por la demandada-recurrida; (2) por los fundamentos expresados en esta Sentencia, no haber lugar a los planteamientos de la demandante-recurrente Asfalto Mayagüezano, Inc., relacionados con los proyectos de Moca y de Añasco; y (3) declaramos con lugar la reclamación de la Asfalto Mayagüezano, Inc., por la partida de Aguada que importa $11,306.50.

En consecuencia, modificamos nuestra Opinión *Per Curiam* de 27 de octubre de 1970, en el sentido de revocar la sentencia del tribunal de instancia en cuanto declaró sin lugar la reclamación de Asfalto Mayagüezano, Inc., por la suma de $11,306.50 adeudádale a ésta del proyecto de Aguada, APW-PR-G470.

Habiendo el tribunal de instancia "basado en el estudio y en la apreciación de la prueba admitida tanto testifical como documental" llegado a las conclusiones de hecho anteriormente expuestas en esta Sentencia, dejamos sin efecto nuestra anterior determinación de devolver el caso a dicho

---

(²) La moción fue presentada a nombre de "las partes demandantes". En vista de que Puerto Rico Gases, Inc., sólo tiene reclamaciones en relación con los proyectos de Aguada y de Mayagüez y de que en nuestra opinión *Per Curiam* declaramos que procedía la reclamación de Aguada; y de que en la moción de reconsideración de 10 de noviembre de 1970 dicha parte admite que el proyecto de Mayagüez está prescrito, dicha demandante-recurrente (Puerto Rico Gases Corp.) no está solicitando que en cuanto a ella reconsideremos nuestra opinión. Entendemos, por consiguiente, que solo la demandante-recurrente Asfalto Mayagüezano, tiene interés en la moción de referencia.

tribunal y por la presente dictamos Sentencia en los siguientes términos: Se condena a la Compañía de Fianzas de Puerto Rico a pagar a Asfalto Mayagüezano, Inc., la suma de $11,306.50 que le adeuda por concepto del proyecto APW-PR-G470 de Aguada, y también se condena a dicha Compañía de Fianzas de Puerto Rico a pagar a la Puerto Rico Gases Corp., Inc., la suma de $8,107.50 que le adeuda por concepto del mismo proyecto antes mencionado, más los intereses al tipo legal devengados desde la presentación de la demanda. La demandada-recurrida también pagará a dichas dos corporaciones demandantes-recurrentes las costas en cuanto a esas dos reclamaciones antes mencionadas.

Así lo pronunció y manda el Tribunal y certifica el señor Secretario. El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Santana Becerra no intervinieron.

(Fdo.) Joaquín Berríos<br>
*Secretario*