ANTONIO CARRO, INC., demandante y recurrente, *v.* JURA CONSTRUCTION, INC., FIDELITY & CASUALTY CO. OF NEW YORK y AUTORIDAD DE CARRETERAS DE PUERTO RICO, demandadas y recurrida la segunda.

*Número:* R-78-137    *Resuelto:* 31 de octubre de 1978

*F. Castro Amy* y *Jorge E. Castro,* abogados de la recurrente; *Vicente Santori Coll* y *Jaime Sifre Rodríguez,* abogados de la recurrida The Fidelity Casualty Co. of N.Y.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La Autoridad de Carreteras de Puerto Rico contrató con Jura Construction, Inc., la construcción de una carretera. La Fidelity Casualty Co. of N.Y. emitió dos fianzas, una para garantizar el cumplimiento del contrato de obra y otra para garantizar el pago a todas las personas supliendo equipo y mano de obra.

Antonio Carro, Inc., arrendó a la constructora equipo adeudándole Jura los cánones correspondientes a mayo de 1969 hasta agosto de 1970, ascendentes a la cantidad de $24,218.33.

El 11 de febrero de 1971 Jura Construction advino insolvente y la fiadora asumió la continuación de la obra terminándola a un costo de $189,000.00. Se le notificó a la Autori-

dad que le traspasara a la fiadora cualquier dinero que ésta le adeudara al contratista. La obra fue terminada el 7 de mayo de 1971 y aceptada y dedicada al uso público el 25 de mayo de 1971.

El 28 de marzo de 1973 Antonio Carro, Inc., radicó acción contra la fiadora en reclamación de los cánones de arrendamiento adeudados por Jura Construction. Solicitó sentencia sumaria a su favor. La fiadora se opuso. También solicitó sentencia sumaria. Fundó su pedido en que la acción había caducado de acuerdo a lo resuelto en *Jiménez y Salellas, Inc.* v. *Maryland Cas. Co.*, 92 D.P.R. 207 (1965). El Tribunal Superior, Sala de San Juan, Nellie Ortiz, Juez, dictó sentencia sumaria a favor de la demandada, declarando prescrita la acción.

Inconforme con esta determinación, Antonio Carro, Inc., requiere que interpretemos cuándo efectivamente ha sido aceptada finalmente una obra pública a los efectos de computar el período de caducidad de 6 meses para que el proveedor de mano de obra y materiales reclame contra la fianza del contratista.

■ La Ley Núm. 388 aprobada el 9 de mayo de 1951 establece en su Art. 9, 22 L.P.R.A. sec. 55, que:

"La causa de acción autorizada bajo las secs. 47 a 58 de este Título contra la fianza y los fiadores del contratista se entenderá prescrita a los seis meses de aceptada finalmente la obra por el Estado Libre Asociado de Puerto Rico."

Esta legislación fue aprobada con miras a proteger la aportación de obreros y materialistas a las obras públicas. Se le confiere a suplidores y obreros una causa de acción contra la fianza para hacer valer su crédito, la cual caduca a los 6 meses de ser aceptada finalmente la obra. *Jiménez y Salellas, Inc.* v. *Maryland Casualty Co.*, supra.

■ Este recurso requiere que determinemos cuándo es que una obra pública es aceptada finalmente por el gobierno: si cuando es puesta al servicio del público luego de ser aceptada por los ingenieros o cuando se liquida finalmente el contrato haciéndole el último pago al contratista.

En *P.R. Gases Corp.* v. *Pagán Const., Inc.*, 99 D.P.R. 347, 350 (1970), expresamos que "la fecha determinante para que comience a correr el plazo de seis meses del artículo antes citado [Art. 9, Ley Núm. 388 de 9 de mayo de 1951, 22 L.P.R.A. sec. 55] no es la fecha en que la obra fue *terminada* sino la fecha en que la obra fue *aceptada finalmente* por el Estado Libre Asociado" pero no determinamos qué constituía aceptación final. Procede ahora determinarlo.

En el Reglamento promulgado por el Secretario de Obras Públicas a tenor con lo dispuesto en el Art. 1 de la Ley Núm. 198 de 15 de mayo de 1943, 22 L.P.R.A. sec. 59, se estableció en la Sec. 46–308 que:

"Cuando la inspección final haya sido hecha por el ingeniero a quien se hubiere encomendado y se haya recomendado la liquidación final al Secretario de Obras Públicas, a tenor de lo dispuesto en la sec. 46–211 de este título y la liquidación final haya sido examinada y aprobada por el Secretario conforme lo exigen las leyes de Puerto Rico, se considerará que el contrato ha sido cumplido y la obra aceptada y se hará el pago final al contratista . . . ."

Y en el propio contrato de construcción celebrado entre Jura Construction y la Autoridad de Carreteras se estipuló en la cláusula 8.9:

"8.9. *Terminación de la responsabilidad del contratista*

El contrato se considerará cumplido cuando toda la obra estipulada en el mismo haya sido cabalmente ejecutada por parte del Contratista, todas las partes de dicha obra hayan sido aprobadas por el Ingeniero, se haya hecho la inspección final, el Di-

rector haya examinado y aprobado la liquidación final y se haya hecho el pago final y lo haya aceptado el Contratista. La fecha de este pago final será aquella en que se hagan la terminación y liquidación finales, y el Contratista quedará entonces exento de ulterior obligación a menos que se comprobare la comisión de un error o según esté estipulado en las fianzas de ejecución y pago." (¹)

El hecho de que la carretera sea abierta al uso del público no es determinante en cuanto a lo que constituye aceptación final. Así lo disponen el contrato y el reglamento. En el primero se aclara que el abrir al público la carretera "no constituye la aceptación final de la obra, ni de ninguna parte de ella . . . ." (Sec. 7.12) y en el segundo se expresa "[c]uando haya sido terminada a satisfacción cualquier porción o elemento considerable de la obra en proyecto, podrá ser abierta al tránsito previo permiso por escrito del Secretario de Obras Públicas. La concesión de tal permiso no constituirá aceptación final de la obra . . . ." (22 R.&R.P.R. sec. 46–227.)

Evidentemente siguiendo estos principios se dijo en *Joseph J. Hock, Inc.* v. *Baltimore Contractors, Inc.*, 249 A.2d 135–140 (Ct. App. Md. 1969), que "no puede haber aceptación hasta que se complete la obra, y no se considera completada dicha obra mientras una porción del precio del contrato sea retenida para asegurar la completa ejecución del mismo . . . ." Más adelante el Tribunal expresó que el término aceptación final ". . . se refiere al momento cuando la responsabilidad del contratista hacia la ciudad (excepto por la res-

---

(¹) "8.9. Termination of Contractor's Responsibility—The contract shall be considered complete when all work covered by the same shall have been completely performed on the part of the Contractor, all parts of said work have been approved by the Engineer, the final inspection made, the final liquidation examined and approved by the Director, and the final payment made and accepted by the Contractor. The date of final payment shall be the date of final completion and settlement, and the Contractor will then be released from further obligation except upon proof of error, or as set forth in the performance and payment bonds."

ponsabilidad de la fiadora exigida por el contrato) y la responsabilidad de la ciudad para con el contratista termina." Ver, además, *Baldwin-Lima-Hamilton Corp.* v. *Aetna Cas. & Sur. Co.*, 307 A.2d 169 (Conn. 1972); Anotación, *Public Contractor's Bonds—Time for Action*, 119 A.L.R. 255–283 (1939).

■ Es razonable que el término de seis meses que concede la ley para reclamar de la fiadora no empiece a correr hasta que se liquide finalmente el contrato. Mientras no se lleve a cabo la liquidación, los suplidores de materiales pueden reclamar del dueño de la obra, que en virtud de lo dispuesto en el Art. 1489 del Código Civil tienen acción contra el "dueño de [la obra] . . . hasta la cantidad que éste adeude [al contratista] cuando se hace la reclamación." Mientras no se liquide el contrato no se sabe la cantidad de dinero que el dueño le adeuda al contratista y si esta cantidad es suficiente para pagar las acreencias de los materialistas y obreros. Si la cantidad adeudada no es suficiente entonces procede reclamar de la fiadora.

*En vista de lo anteriormente expuesto procede revocar la sentencia que declaró prescrita la acción ejercitada y devolver el caso al tribunal de instancia para que determine la fecha de la liquidación final y proceda entonces a resolver si la acción ejercitada por la demandante había caducado o no.*

El Juez Presidente Señor Trías Monge no intervino.