MONTALVO & COMAS ELECTRIC CORP., demandante y recurrida, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, CÁNDIDO COLÓN CONSTRUCTION CORPORATION, AMERICAN FIDELITY FIRE INS. y ADMINISTRACIÓN DE PARQUES Y RECREO PÚBLICOS, demandados y recurrentes las dos últimas; PUERTO RICO FINANCIAL CORPORATION, tercera demandada.

*Números:* R-78-278    *Resueltos:* 28 de septiembre de 1978
R-78-227

*Roberto Armstrong, Jr., Procurador General Interino,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de la Administración de Parques y Recreo Públicos; *Rúa, Mercado & González,* abogados de la American Fidelity Fire Insurance Company, recurrente; *Ramón Rosado Vela,* abogado de Cándido Colón Construction Corporation; *Calderón, Rosa Silva & Vargas* y *Harry Anduze Montaño,* abogados de Montalvo & Comas Electric Corp.

PER CURIAM: La Administración de Parques y Recreo Públicos (APRP), como dueña de obra, contrató con Cándido Colón Construction Corporation ("el contratista") la construcción del centro cultural y facilidades recreativas de determinada urbanización en Cabo Rojo. El contratista subcontrató a su vez la instalación eléctrica de la obra con la demandante recurrida, Montalvo & Comas Electric Corpora-

tion, suplidor de materiales y mano de obra, a quien se le quedó a deber $5,873.32.

El suplidor demandó al Estado Libre Asociado, la APRP, al contratista y a American Fidelity Fire Insurance Co., la fiadora, para recobrar la deuda reclamada. El Tribunal Superior declaró con lugar la demanda contra la APRP, el contratista y la fiadora. Se desestimó la demanda contra el Estado Libre Asociado por haberse hecho las obras bajo el control de la APRP. Tomó el tribunal otras determinaciones sobre ciertas demandas contra coparte y contra tercero no envueltas en los recursos de autos. La fiadora y la APRP han acudido separadamente a este foro para solicitar la revisión de la referida sentencia.

*El Recurso de la Fiadora* (R-78-227).

American Fidelity expidió a solicitud del contratista una fianza por $23,413.50 a favor de la Junta de Planificación. Esta fianza, a la cual no se dio un nombre en específico, dispone en lo pertinente:

"WHEREAS, the above bounden Principal has entered into a certain written agreement with the above named obligee dated the 9th day of October, 1973, to wit:

'To guarantee the construction of Cultural Center and Recreative facilities to serve at Urb. San Miguel Arcángel, Cabo Rojo, P.R.'

which agreement is hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein for the purpose of explaining but not of varying or enlarging the obligation.

NOW, THEREFORE, the condition of the above obligation is such, that if the above bounden Principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said agreement set forth and specified to be by the said Principal kept, done and performed, at the time and in the manner in said agreement specified and shall pay over, make valid and reimburse to the above named Obligee, all loss and damages which said Obligee may sustain by reason of failure or default on the part of the said Principal, then this

obligation shall be void, otherwise to be and remain in full force and effect."

El acuerdo de 9 de octubre de 1973 a que alude la fianza, entre el dueño y el contratista, no surge del expediente.

La fiadora alega ante nos que la sentencia de que recurre es errónea porque el único beneficiario de la fianza es la Junta de Planificación y porque la fianza prestada es de ejecución de obra (*performance bond*) y no de pago de la labor y materiales (*payment bond*). Argumenta la fiadora que nuestra jurisprudencia establece que las fianzas deben interpretarse de manera restrictiva.

■ El primer planteamiento de la fiadora es claramente inmeritorio. En *Cristy & Sánchez* v. *E.L.A.*, 84 D.P.R. 234, 243 (1961), resolvimos que en fianzas de obra pública el fiador le responde también al subcontratista o materialista. En *A. L. Arsuaga, Inc.* v. *La Hood Const., Inc.*, 90 D.P.R. 104, 121 (1964), extendimos esta norma a las fianzas de construcción de obra privada, en ausencia de pacto expreso en contrario. El caso en que se funda la fiadora recurrente, *Batlle* v. *Pereyó*, 67 D.P.R. 662 (1947), fue expresamente revocado por *Cristy*, supra, 244.

■ Es inexacta también la afirmación que el género de fianzas que nos concierne debe interpretarse restrictivamente. Los casos a este efecto se revocaron también en forma expresa en *Cristy* y *Arsuaga*.

■ El segundo planteamiento de American Fidelity de que la fianza prestada no cubre el pago de labor y materiales requiere consideración más detenida. En *Ulpiano Casal, Inc.* v. *Totty Mfg. Corp.*, 90 D.P.R. 739 (1964), un materialista demandó, entre otros, a una compañía de seguros bajo una fianza de ejecución de obra. Al igual que en el caso de autos, la fiadora asumió responsabilidad por el fiel cumplimiento por el contratista del contrato de empresa. En ese contrato se comprometía el contratista a pagar la labor y los materiales

suplidos. Resolvimos que el nombre de la fianza no es determinante y que la fiadora le respondía al materialista.

No se nos ha puesto en condiciones de determinar si es aplicable la doctrina de *Ulpiano Casal* a los hechos de la actual controversia. Ignoramos el contenido del contrato de obra y de las condiciones generales y especiales que puedan haber sido acordadas.

█ Quedan otros aspectos por aclarar. Las disposiciones reglamentarias generales sobre los contratos de obras públicas exigen, 22 R.&R.P.R. sec. 46–66:

> "El postor a quien se adjudicare la buena pro hará entrega al Departamento, en el momento de la formalización del contrato, de una fianza aceptable de seguridad colectiva por suma total no inferior al monto total del contrato en garantía de que el contratista ejecutará bien y fielmente toda la obra o servicios dentro del plazo estipulado y pagará con prontitud todos los obreros, equipo y materiales que necesitare para la ejecución de la obra o servicios. La forma de fianza será aquella que disponga el Departamento y será formalizada por una empresa de seguros que tenga licencia para hacer operaciones en Puerto Rico y sea aceptable al Secretario de Obras Públicas."

¿Cumple la fianza prestada en este caso con el modelo dispuesto por el Departamento de Obras Públicas, conforme a la disposición reglamentaria citada? Para ello es importante determinar igualmente si la fianza fue prestada por el monto total del contrato de construcción. De ser así no cabe duda de que la fiadora responde tanto por la ejecución como por el suministro de materiales y mano de obra, pues es de suponer que la intención de las partes fue cumplir a cabalidad mediante la ejecución de tal fianza con todos los requisitos que imponen los Arts. 1 y 2 de la Ley Núm. 388 de 9 de mayo de 1951, 22 L.P.R.A. secs. 47 y 48.[1]

---

[1] A la pág. 6 del apéndice del alegato del suplidor se incluye un presupuesto preparado por la Junta de Planificación del que parece desprenderse que la fianza se prestó por el monto total de la obra.

En otras disposiciones reglamentarias se distingue entre fianza de pago y fianza de ejecución y se expresa que cada cual equivaldrá al 50% del monto total del contrato. 22 R.&R.P.R. sec. 46-1(13) y (14). De resultar que la única fianza prestada en este caso es la de American Fidelity, transcrita precedentemente, y que la misma cubre tan solo la mitad del monto del contrato, tendría que determinarse entonces si el texto de la referida fianza, a la luz de los Arts. 1 y 2 de la Ley Núm. 388 de 9 de mayo de 1951, 22 L.P.R.A. secs. 47 y 48, y del Art. 425 del Código Político, 22 L.P.R.A. sec. 46, corresponde a una fianza de ejecución o de pago. Sobre tal situación véase: *Ferrer* v. *Alliance Company of P.R., Inc.*, 93 D.P.R. 1, 3, n. 2 (1966).

*Se expide el auto y se deja sin efecto la sentencia dictada en el recurso R-78-227, devolviéndose el caso al tribunal de instancia para procedimientos ulteriores consistentes con esta opinión.*

*El Recurso de la APRP* (R-78-278).

La APRP alega que erró el tribunal al resolver que ella venía obligada a responder al suplidor por la suma adeudada. Tiene razón la recurrente.

El Art. 1489 del Código Civil, 31 L.P.R.A. sec. 4130, provee:

"Los que ponen su trabajo y materiales en una obra ajustada alzadamente por el contratista, no tienen acción contra el dueño de ella sino hasta la cantidad que éste adeude a aquél cuando se hace la reclamación."

En Puerto Rico no existe gravamen alguno sobre una obra de construcción a favor de los materialistas. *Ferrer*, supra, 9; *Jiménez y Salellas, Inc.* v. *Maryland Cas. Co.*, 92 D.P.R. 207, 209 (1965).([2]) El dueño de la obra, según prescribe el artículo citado del Código Civil, sólo responde a los materialistas por la cantidad que adeude al contratista. De los autos de

---

([2]) Tal protección existe para beneficio de los obreros. *Ferrer, loc. cit.*

564

este caso no surge que la APRP le adeude cantidad alguna a la contratista Cándido Colón Construction Corporation. El suplidor demandante no tiene por tanto acción contra la APRP. Véanse: *C. Armstrong e Hijos* v. *Díaz*, 95 D.P.R. 819, 824–826 (1968); *Amer. Surety Co.* v. *Tribunal Superior*, 97 D.P.R. 452 (1969); *Armstrong, Etc.* v. *Inter-Amer. Builders, Inc.*, 98 D.P.R. 734, 741 (1970).

*Se expide el auto y se revoca la sentencia dictada en el recurso R-78-278 en lo que respecta a la responsabilidad de la APRP.*

