Gilberto Gierbolini, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante apelación presentada el 27 de septiembre de 1997, Jorge Santini (Santini), José A. Berríos (Berrios) y sus respectivas cónyuges solicitan la revocación de la Sentencia que desestimó su reclamación de cobro de dinero contra la fiadora Insurance Company of North America (Insurance) por caducidad de la causa de acción.
La Sentencia recurrida fue emitida el 22 de agosto de 1997 por el Tribunal de Primera Instancia, Sala Superior de San Juan, y notificada el 25 de agosto de 1997.
Insurance presentó su alegato el 30 de octubre de 1997. Una vez analizados los hechos del caso, los alegatos de las partes y el derecho aplicable, decidimos CONFIRMAR la sentencia apelada.
I
Calzadilla Construction Corp. fue contratado por la Autoridad de Carreteras, para hacer mejoras en la Avenida Lomas Verdes de Bayamón. Así mismo, el Municipio de Fajardo y la Autoridad de los Puertos contrataron con Calzadilla la reconstrucción y mejoras de la Carretera Municipal de Cascajo de la rampa del terminal de llegadas internacionales en el Aeropuerto Luis Muñoz Marín, respectivamente.
Por ser éstas unas obras públicas, el contratista gestionó con Insurance la expedición de las fianzas de pago y cumplimiento ("payment and performance bond”) que requiere la Ley 388 de 9 de mayo de 1951, 22 L.P.R.A. Secciones 47 a 58.
Para atender el área eléctrica de los mencionados proyectos, Calzadilla subcontrató a los apelantes *975 Santini y Berrios, quienes son ingenieros eléctricos y ejercen conjuntamente la profesión bajo el nombre de JL Santini & Associates. Santini y Berrios completaron todos los trabajos asignados.
Calzadilla recibió los pagos por las obras, pero no le pagó a los subcontratistas. El último pago efectuado por el Gobierno Municipal en el proyecto de Fajardo fue efectuado en febrero de 1994. En cuanto a la rampa del Aeropuerto, la Autoridad de los Puertos entregó el último pago en diciembre de 1994. 
A pesar de repetidos requerimientos, Calzadilla no pagó a Santini y Berrios por su trabajo de ingeniería eléctrica. Ello los movió a demandar a la compañía que emitió la fianza. Dicha demanda, sin embargo, fue presentada en noviembre de 1995, cuando dos de las tres causas de acción contra la fiadora habían caducado.
Así lo determinó el Tribunal de Primera Instancia en su Sentencia Parcial emitida por la vía sumaria. Véase, Apéndice, páginas 76-97.
En apelación, Santini y Berrios cuestionan la aplicabilidad de la Ley 388, supra, y el término de caducidad que establece, es decir, de seis meses contados a partir del último pago efectuado por el dueño de la obra.
II
La Ley 388, supra, dispone la obligación de todo contratista de garantizar mediante fianza la realización de la obra y el pago a los obreros y suplidores de materiales:
"Todo contratista a quien se adjudique un contrato para la construción, reconstrucción, ampliación alteración o reparación de una obra pública, prestará una fianza de pago a favor del Estado Libre Asociado de Puerto Rico, que será obligatoria y efectiva a partir de la fecha en que se formalice el contrato," (22 L.P.R.A. Sección 47).
La fianza ascenderá al monto total del contrato de construcción y cualquier extensión o adición a éste, 22 L.P.R.A. Sección 48; Montalvo & Comas v. E.L.A., 107 D.P.R. 558 (1978). El propósito de establecer el requisito de fianza para las obras públicas es asegurar al Estado por los daños que pudiera inferirle el abandono de cualquier obra pública por parte del contratista y a su vez liberarlo de cualquier reclamación directa por falta de pago de materiales o de la mano de obra, Cristy v. E.L.A., 84 D.P.R. 234, 238 (1961). Así también, véase a modo ilustrativo, Leafar Construction v. Mun. Autónomo de Ponce, 96 D.T.A. 173, página 717.
La Ley crea una causa de acción a favor de aquellos que hayan trabajado en la obra o suplido materiales y que no hayan recibido su pago:
"Toda persona, natural o jurídica, que haya trabajado como obrero o empleado en, o que haya suplido, vendido o entregado materiales, equipo y herramientas para la obra a que hace referencia la see. 47 de este título, respecto a la cuál se haya prestado la fianza que por las sees. 47 a 58 de este título se exige, y a quien no se haya pagado en total o en parte, según las secciones 47 a 58 de este título lo requieren, sus sueldos o jornales, o el importe de materiales, equipo y herramientas vendidos, entregados o suplidos para la obra, tendrá derecho a instar acción judicial, sin necesidad de previa notificación o requerimiento, contra el contratista, contra la fianza del contratista, contra los fiadores del contratista, o contra cualquiera de ellos, en cobro de la cantidad que por tal concepto pueda adeudársele...". (22 L.P.R.A. Sección 51) (Enfasis suplido).
La jurisprudencia inteipretativa de la Ley 388, supra, ha establecido la aplicabilidad de esta Ley a los reclamos que pueda tener no sólo el obrero o proveedor de materiales, sino también un subcontratista a quien no le han sido pagados sus servicios, Cristy & Sánchez v. E.L.A., 84 D.P.R. 234, 243 (1961); Jiménez y Salellas, Inc. v. Maryland Casualty, 92 D.P.R. 207, 210 (1965); Ferrer v. Alliance of P.R.. Inc., 93 D.P.R. 1, 3-4 (1966); Montalvo v. E.L.A., 107 D.P.R. 558, 561 (1978). Y es que el subcontratista, viene a ser un obrero o empleado del contratista, ya que su fiinción no es otra que poner sus servicios especializados a la disposición del contratista.
*976 Del historial legislativo de la Ley 388, supra, también surge la preocupación por las deficiencias en la protección que ofrecía la legislación existente a los subcontratistas:"Además, la Ley Número 31 de 1931 no garantiza el pago de los jornales de los obreros de los subcontratistas, así como tampoco autoriza ni a los obreros del contratista ni a los subcontratistas a proceder directamente contra el fiador o la fianza. Bajo el procedimiento de la Ley 31 es necesario demandar al contratista y excusarlo de bienes antes de poder proceder contra la fianza. Esto puede conllevar años de litigación," Actas de la Cámara de Representantes, (1951), página 1296.
En su afán por evitar ese largo proceso y asegurar el pronto recobro de las sumas adeudadas, la Asamblea Legislativa dispuso que la acción que la Ley autoriza "se entenderá prescrita a los seis (6) meses de aceptada finalmente la obra por el Estado Libre Asociado de Puerto Rico. Transcurrido dicho término podrá cancelarse la fianza, a menos que se encuentre pendiente alguna reclamación judicial bajo las secs. 47 a 58 de este título," 22 L.P.R.A. Sección 55.
La jurisprudencia ha interpretado que el momento de la "aceptación final" de la obra es cuando el Estado liquida el contrato y hace el último pago al contratista, Antonio Carro, Inc. v. Jura Const., Inc., 107 D.P.R. 808, 813 (1978). A partir de entonces comienza a correr un plazo fatal de seis meses susceptible a interrupción sólo mediante el ejercicio de la acción judicial. Es decir, que dicho plazo es uno de caducidad y no de prescripción, Jiménez v. Salellas, Inc. v. Maryland Casualty, Co. supra, página 211 (1965).
Ello implica la pérdida del derecho a demandar a la fiadora, como ocurre en el caso de obras públicas federales bajo la Ley Miller, 40 U.S.C. Secciones 270 y ss. "[EJ1 legislador puertorriqueño tuvo como modelo una ley del Congreso de los Estados Unidos (Notas omitidas) la cual también prescribe un término dentro del cual hay que ejercitar la acción y la jurisprudencia federal ha sostenido que el ejercicio de la acción judicial dentro de ese término es imperativo so pena de perder el derecho, ” Jiménez y Salellas, Inc. v. Maryland Casualty, Co., supra, página 212 (Enfasis suplido). 
Esta interpretación jurisprudencial de que una vez expira el término de seis meses, cesa la existencia del derecho a reclamar contra la misma es cónsona no sólo con la Ley Miller, supra, sino con lo dispuesto por el Artículo 9 de la Ley 388, 22 L.P.R.A. Sección 55, a los efectos de que transcurrido dicho término "podrá cancelarse la fianza, a menos que se encuentre pendienie alguna reclamación judicial. ”
En el caso de autos, Santini y Berrios presentaron su demanda el 2 de noviembre de 1995, cuando el término de seis meses desde la aceptación final del proyecto había transcurrido en dos de las tres causas de acción: la de la carretera municipal de Fajardo y la de la rampa de llegadas internacionales en el Aeropuerto Luis Muñoz Marín. 
Ante la dilación del demandante en reclamar el pago a la fiadora mediante acción judicial, la conclusión del tribunal de instancia es, pues, la correcta e inevitable bajo los términos de la Ley 388, supra, cuya aplicación al caso de autos es mandatoria a la luz de la referida jurisprudencia. Ciertamente, el término de caducidad de seis meses que establece la Ley 388, supra, parece haber tronchado en este caso el eminente propósito de justicia social que tiene la legislación.
Por eso, no podemos más que hacemos eco de las acertadas expresiones que en tomo a esta situación hiciera el Tribunal Supremo de Puerto Rico en Jiménez y Salellas v. Maryland Casualty, supra, página 215 (1965):

"Tal vez el término de seis meses es demasiado corto en vista del tiempo que una compañía hábil puede retardar un asunto como éste y tal vez dicho término debiera ser de un año como es en la ley federal. En ese supuesto, el remedio prospectivo está en el foro legislativo y no en éste. En reclamaciones de dicha naturaleza no instar la acción judicial dentro del término fijado por la ley y permitir que éste expire, por confiar en que pagarán voluntariamente revela una ingenuidad lamentable."

Por otro lado, los señalamientos de error levantados por los apelantes en tomo al carácter público de *977 la obra carecen de mérito y no merecen alterar el curso decisorio del tribunal de instancia. La ley orgánica de la Autoridad de los Puertos, expresamente señala que dicha agencia es una instrumentalidad del Estado Libre Asociado de Puerto Rico, 23 L.P.R.A. Secciones 333. Como es sabido, la Ley 388, supra, califica como obra pública cualquier trabajo de construcción, reconstrucción, alteración, ampliación o mejora hecho bajo contrato adjudicado a un contratista por el Estado Libre Asociado, 22 L.P.R.A. Sección 58. El ELA, a su vez, comprende al Estado, sus departamentos, agencias, instrumentalidades e incluso los gobiernos municipales, Id.
ni
En vista de lo cual, este Tribunal CONFIRMA la Sentencia Parcial recurrida.
Lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General